Reese J.
delivered the opinion of the court.
An execution was issued at the suit of the plainftff from the county court of Franklin county and was placed in (he hands of the defendant as sheriff of Bedford county. The *506 execution was returnable to the November term of the If rank-•lin county court. It was not returned, and this motion was made against the sheriff of Bedford and his securities, for default in that respect. Was the sheriff liable to this motion by virtue of the provisions of the act of 1803, c 18, § I? That acf renders the sheriff and his securities liable upon motion, for the amount of an execution which he may fail to return, when the execution has issued from the court of the county or of the district in which he may reside. The execution issued from the county court of Franklin, and the sheriff resided in the county of Bedford. The case then does not fall within the words of that statute, and as the statute confers a summary remedy, not according to the course of the common law, and of a character highly penal, it is not competent fer this court by judicial construction to enlarge and extend its operation, so as to embrace cases excluded by its terms. If a principle so obvious and of such force, needed to be fortified by authority, we understand the point to have been so ruled by the supreme court at Reynoldsburgh, in a case not reported.
2d. Is the defendant in this case liable by the provisions of the act 1835, c 19, § 8. That act was passed in fact in February, 1836. Its terms are sufficiently comprehensive to embrace this case, and it purports to give a remedy by motion in t.he circuit court for the non-return of an execution, as well in those cases where the default had already taken place, as in those in which it might thereafter take place. If Orr had been liable under the existing laws to a motion against him in the count}'' court of Franklin, it would doubtless have been competent for the legislature io have conferred upon the circuit court of Franklin, power and jurisdiction to have enforced that liability. But we have seen that he was not so liable. The act of February, Í836, therefore, not only seeks to furnish to the plaintiff as against'Orr, a remedy which did not before exist, but it for the first time creates for him the right also. Before that act and at common law, the right of the plaintiff was to recover against Orr such damages for the non-return of the execution as he might have sustained by the default of Orr, which in case the defendant in the execution had been insolvent might have been nominal damages *507 merely. But the act creates the right to recover by motion, 1,1 „ , ° m , the whole amount of the execution. The law, therefore, ere-ating this new right and furnishing this new remedy, cannot be permitted to have a retro-active application to cases of preexisting default. It is true, indeed, that before the áct of 183S, as well as since, the sheriff would be liable to proceedings against him, as for a contempt for the non-return of the process of the court.
Bui the right and the remedy given by that act, do not proceed upon this principle, for although the plaintiff in an execution may by the provisions of that act, obtain against a sheriff and his sureties, judgment for the non-return of the execution^ the sheriff is still liable to be proceeded against as for a contempt for the non-return of the process. The judgment will therefore be affirmed.
Judgment affirmed.